Sanchez , et al. v. Brownsville Sports, et al.



NUMBER 13-97-436-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI

____________________________________________________________________


HIPOLITO RAMOS SANCHEZ AND ALMA LAURA GALVAN DE RAMOS, BOTH

INDIVIDUALLY AND ON BEHALF OF THE ESTATE OF HERMES HIPOLITO RAMOS

GALVAN, DECEASED, Appellants,


v.


BROWNSVILLE SPORTS CENTER, INC., LEON JAMES, HONDA MOTOR CO., LTD.,

HONDA R&D CO., LTD., HONDA R&D NORTH AMERICA, INC., HONDA NORTH AMERICA, INC.,

AND AMERICAN HONDA MOTOR CO., INC., Appellees.

____________________________________________________________________


On appeal from the 197th District Court of Cameron County, Texas.

____________________________________________________________________


OPINION ON MOTIONS FOR REHEARING

Before Justices Hinojosa, Yañez, and Rodriguez

Opinion by Justice Hinojosa


Appellees, Honda Motor Co., Ltd., Honda R&D Co., Ltd., Honda R&D North America, Inc., Honda North America, Inc.,
and American Honda Motor Co., Inc., have filed a motion for rehearing. We overrule appellees' motion for rehearing.

Appellants, Hipolito Ramos Sanchez and Alma Laura Galvan de Ramos, both individually and on behalf of the Estate of
Hermes Hipolito Ramos Galvan, Deceased, have also filed a motion for rehearing, in which they raise twelve points of
error. Appellees have filed a response to appellants' motion for rehearing.

In their first point of error, appellants contend this Court erred in failing to include prejudgment interest in the judgments
we rendered in our original opinion.

The record reflects that appellants requested prejudgment interest in their trial pleadings and in the brief they filed with this
Court. Under the finance code in effect at the time of these judgments and its predecessor statute, prejudgment interest
begins to accrue on the earlier of (1) 180 days after the date a defendant receives a written notice of a claim or (2) the date
suit is filed. Tex. Fin. Code Ann. § 304.104 (Vernon Supp. 2001) (prior version, Act of June 3, 1987, 70th Leg., 1st C.S.,
ch. 3, § 1, 1987 Tex. Gen. Laws 51); Johnson & Higgins of Tex., Inc. v. Kenneco Energy, Inc., 962 S.W.2d 507, 531 (Tex.
1998). Prejudgment interest accrues as simple interest at the rate of ten percent per annum. Tex. Fin. Code Ann. §§
304.103, 304.104 (Vernon Supp. 2001) (prior version, Act of June 3, 1987, 70th Leg., 1st C.S., ch. 3, § 1, 1987 Tex. Gen.
Laws 51); Johnson & Higgins, 962 S.W.2d at 531. Prejudgment interest accrues until the day preceding the date judgment
is rendered. Tex. Fin. Code Ann. § 304.104 (Vernon Supp. 2001) (prior version, Act of June 3, 1987, 70th Leg., 1st C.S.,
ch. 3, § 1, 1987 Tex. Gen. Laws 51).

The record establishes that Hermes Hipolito Ramos Galvan was fatally injured on February 19, 1995, when he lost control
of a Honda three-wheel all-terrain vehicle, and that appellants filed suit against appellees on May 30, 1995. We conclude
that prejudgment interest in this case runs from May 30, 1995 until February 7, 2001, the day preceding the date of
judgment, at the rate of ten percent per annum. We find no evidence in the record that prejudgment interest was tolled
during this time period. We sustain the first point of error of appellants' motion for rehearing. 

We grant appellants' motion for rehearing as to point of error number one. The remaining points of error of appellants'
motion for rehearing are overruled. We modify the judgments we rendered in our original opinion to include prejudgment
interest at the rate of ten percent per annum from May 30, 1995 until February 7, 2001.



FEDERICO G. HINOJOSA

Justice



Publish. Tex. R. App. P. 47.3.



Opinion delivered and filed this the

2nd day of August, 2001.